IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


AJINOMOTO NORTH AMERICA,                3:14-cv-00293-BR
INC.,

        Plaintiff,                      OPINION AND ORDER

v.

PINE VALLEY, INC.,

        Defendant.


**WILLIAM E. GAAR**
Buckley Law, P.C.
5300 Meadows Road
Suite 200
Lake Oswego, OR 97035
(503) 620-8900

        Attorneys for Plaintiffs

**JEFF S. PITZER**
Pitzer Law
101 S.W. Main Street
Suite 805
Portland, OR 97204
(503) 227-1477

**BRYAN S. GEON**
Bryan Geon, Attorney at Law
2705 S.W. Sunset Blvd.
Portland, OR 97239
(503) 380-7016

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Pine Valley, Inc.'s Motion (#7) to Dismiss or, Alternatively, to Transfer Venue.

For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **without prejudice** for lack of personal jurisdiction.


<u>BACKGROUND</u>

On February 19, 2014, Plaintiff filed its Complaint asserting a claim against Defendant for breach of contract and, in the alternative, for unjust enrichment.  Plaintiff alleges it sold certain frozen foods (the Product) to Defendant for resale to a third party, Trader Joe's,[1] pursuant to ten invoices dated between August 2013 and September 2013 totaling $405,317.65. Plaintiff contends each invoice indicated the Product was being shipped from Plaintiff's location in Portland, Oregon, to various locations as directed by Defendant.  Plaintiff asserts Defendant accepted and resold the Product, but Defendant failed to pay Plaintiff for the Product in a timely fashion.

Plaintiff contends in its Complaint that this Court has jurisdiction over this matter on the basis of diversity pursuant

---

[1]  Trader Joe's is not a party to this lawsuit.

to 28 U.S.C. § 1332.  Plaintiff also contends this Court has personal jurisdiction over Defendant pursuant to Oregon Rule of Civil Procedure 4(A)(4) because Defendant has "engaged in substantial and not isolated activities with the State of Oregon."  Compl. at ¶ 3.  Plaintiff also contends venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise within this judicial district.

On April 4, 2014, Defendant filed its Motion (#7) to Dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue to the Central District of California.


## STANDARDS

When "a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001)(citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)).

If the court makes a jurisdictional decision based on the pleadings and affidavits submitted by the parties and does not

3 - OPINION AND ORDER

conduct an evidentiary hearing, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)). When determining whether the plaintiff has made a *prima facie* showing, the court must assume the truth of the uncontroverted allegations in the complaint. *Ochoa v. J.B. Martin and Sons Farms, Inc.,* 287 F.3d 1182, 1187 (9th Cir. 2002). When a court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the court must resolve factual conflicts in the parties' affidavits in favor of the plaintiff. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD*, 328 F.3d 1122, 1129 (9th Cir. 2003).

When there is not a federal statute that governs personal jurisdiction, the district court applies the law of the forum state. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)(citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). "Oregon's long-arm statute confers jurisdiction to the extent permitted by due process." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990)(citing Oregon Rule of Civil Procedure 4L). Accordingly, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of

4 - OPINION AND ORDER

jurisdiction does not offend traditional notions of fair play and substantial justice." *Boschetto*, 539 F.3d at 1015-16 (citations and quotations omitted).

A court's personal jurisdiction over a particular defendant is proper either as "general" or "specific" personal jurisdiction.  A district court has general jurisdiction over the defendant if the plaintiff shows the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006)(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)).  This standard is "fairly high" and requires the contacts to be the kind that approximate physical presence within the state.  *Gator.Com Corp. v. L.L. Bean, Inc*., 341 F.3d 1072, 1076 (9th Cir. 2003)(internal citations omitted).  Pertinent factors are whether the defendant "makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated [in the state]." *Id*. at 1076-77 (quotation omitted).

Even if the district court does not have general jurisdiction over the defendant, the court may have specific jurisdiction "if the controversy [was] sufficiently related to or arose out of the defendants' contacts with the forum." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

See also *Beverage Mgmt. Sys., Inc. v. Ott*, No. 3:12-CV-2126-SI,
2013 WL 1296083, at *3 (D. Or. 2013).  The Ninth Circuit applies
the following three-part test to determine whether a district
court constitutionally may exercise specific jurisdiction over a
nonresident defendant:

> (1)  The non-resident defendant must purposefully
>      direct his activities or consummate some
>      transaction with the forum or resident thereof; or
>      perform some act by which he purposefully avails
>      himself of the privilege of conducting activities
>      in the forum, thereby invoking the benefits and
>      protections of its laws;
>
> (2)  the claim must be one which arises out of or
>      relates to the defendant's forum-related
>      activities; and
>
> (3)  the exercise of jurisdiction must comport with
>      fair play and substantial justice, *i.e.* it must be
>      reasonable.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128
(9th Cir. 2010)(quoting *Schwarzenegger*, 374 F.3d at 802).


## DISCUSSION

Defendant moves this Court to dismiss Plaintiff's claims on
the ground that the Court lacks personal jurisdiction over
Defendant.  Although Defendant specifically asserted the Court
does not have general jurisdiction because Defendant has not
maintained continuous and systematic contacts with Oregon,
Plaintiff does not argue jurisdiction on that basis.  Instead
Plaintiff asserts specific jurisdiction over Defendant, and

6 - OPINION AND ORDER

Defendant seeks to dismiss on the basis that Defendant has not had sufficient contacts with Oregon to provide a basis for specific jurisdiction.  Defendant also argues the Court should dismiss this action because venue in Oregon is improper.  In the alternative, Defendant moves the Court to transfer this matter to the Central District of California.

## I. Personal Jurisdiction

In support of its Motion, Defendant offers the Declarations of Bryan S. Geon, Tami Sheeler, and Michael Payton.  In support of its Opposition to Defendant's Motion, Plaintiff offers the Declaration of Jeff Sakamoto.

### A. Jurisdictional Facts

As noted, Plaintiff alleges in its Complaint that the Court has personal jurisdiction over Defendant pursuant to Oregon Rule of Civil Procedure 4(A)(4) because Defendant has "engaged in substantial and not isolated activities with the State of Oregon."  Compl. at ¶ 3.  Specifically, Plaintiff alleges it shipped the Product "from Plaintiff's location in Portland, Oregon to Defendant's location or other location dictated by Defendant."  Compl. at ¶ 8.

Michael Payton is the President of Pine Valley, Inc.  In his Declaration he testifies (1) Defendant is incorporated in California with its principal place of business in Granada Hills,

California, in Los Angeles County[2] and does not have any other offices or places of business or any subsidiaries; (2) Defendant is not authorized or licensed to transact business in Oregon; (3) Defendant does not have an agent in Oregon for service of process, does not own or rent any real estate in Oregon, does not have any Oregon-based facilities, does not have an Oregon bank account, and does not have any employees or sales agents in Oregon; and (5) Defendant's only customer during the last six years has been Trader Joe's, which is headquartered in Monrovia, California.  Payton also testifies Pine Valley previously worked with an Oregon company named Granpac Incorporated that was acquired by Ajinomoto Frozen Foods U.S.A., Inc. (AFU) in approximately 2000.  Payton states when AFU acquired the Oregon facility, he understood the Product would be produced in plants across the United States.

Tami Sheeler was the Chief Financial Officer for Pine Valley, Inc., from 2008 through 2013.  In her Declaration she testifies the typical process for taking and delivering orders to Trader Joe's involved the following steps:  (1) Defendant would receive a purchase agreement from Trader Joe's in California specifying the product, quantity, and preferred delivery point; (2) Defendant would send a purchase order via email to Plaintiff

---

[2]  Defendant's prior place of business was Reseda, California.

8 - OPINION AND ORDER

in Palatine, Illinois, for the desired product, quality, and delivery location; and (3) Plaintiff would respond with an invoice confirming the information in the purchase order and directing payment to be sent to Plaintiff in Palatine, Illinois.

Attached to Sheeler's Declaration are copies of the ten invoices from Plaintiff to Defendant that are at issue in this matter. Each of the invoices has an "AJINOMOTO" logo in large, bold letters in the upper left-hand corner. Underneath the logo in all capital letters the invoices state: "Remit your payment to: Dept. CH 10983, Palatine, IL 60055-0983." "Ajinomoto North America, Inc." appears on the invoices in the upper right-hand corner in bold, capital letters, and the following address is listed in non-bold capital letters: "7124 N. Marine Dr., Portland, OR 97203, Tel: (503) 286-6548, Fax: (310) 540-2456." The "ship-to" addresses on the invoices vary from invoice to invoice, but they are either addresses in Pennsylvania, California, or Illinois. At the bottom of each invoice is a list of seven of Plaintiff's offices located in Illinois, Oregon, New Jersey, California, Hawaii, North Carolina, and Iowa.

Defendant also points out that between August and September 2013 (the period relevant to this matter) Plaintiff's primary place of business was in New Jersey. In fact, Plaintiff amended its Oregon business registration to show a primary place of business in Oregon merely four days before it filed this lawsuit.

9 - OPINION AND ORDER

*See* Geon Decl., Exs. C, D.

Jeff Sakamoto is the Vice President and Marketing at AFU, which Sakomoto characterizes in his Declaration as "a subsidiary entity affiliated with Plaintiff." Sakomoto Decl. at ¶ 5. Sakomoto testifies in his Declaration that:

1.  Plaintiff was at all relevant times a Delaware corporation with offices doing business in Oregon, and Plaintiff's principal place of business is currently Portland, Oregon.

2.  In 2000 AFU acquired Plaintiff's Portland, Oregon, facility from Granpac Foods Incorporated. Between approximately 1994 and 2000 Granpac sold the Product to Trader Joe's by and through Defendant.

3.  At all relevant times the Product was produced at and shipped from the Oregon facility. Plaintiff and AFU have never produced or shipped the Product from any other location other than the Oregon facility.

4.  In April 2013 all sales functions of AFU were transferred to Plaintiff. Since that time the Product has continued to be produced by AFU even though all sales are made by Plaintiff.

5.  In his capacity as President of Pine Valley, Inc., Payton visited the Oregon facility in approximately 2006 to meet with AFU and a representative from Trader Joe's.

**B.    Specific Jurisdiction**

As noted, Plaintiff does not contend the Court has general jurisdiction over Defendant. Plaintiff instead alleges Defendant's contacts with Oregon are sufficient to establish that the Court has specific jurisdiction over Defendant. Defendant, in turn, contends Plaintiff has not made a sufficient *prima facie* showing to satisfy the test for specific jurisdiction. The Court

10- OPINION AND ORDER

agrees.

As noted, for purposes of determining whether a court has specific jurisdiction over a defendant, the court must consider three factors: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction . . . must be reasonable." *Brayton*, 606 F.3d at 1128.

### 1.   Purposeful Availment of the Forum.

In the context of contract disputes, the initial "purposeful availment" prong requires that "the defendant engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. The focus upon the affirmative conduct of the defendant is designed to ensure the defendant is not haled into court as the result of random, fortuitous or attenuated conduct." *Burger King*, 471 U.S. at 475.  See also *Boschetto*, 539 F.3d at 1017.  A court has specific jurisdiction over a defendant if he "deliberately engaged in significant activities within a State or has created continuing obligations between himself and residents

11- OPINION AND ORDER

of the forum." *Burger King*, 471 U.S. at 475-76 (internal quotations omitted).  See also *Boschetto*, 539 F.3d at 1017.  The unilateral actions of a third party in the forum state do not constitute a defendant's purposeful availment.  *Id.*

An individual's contract with an out-of-state party alone does not automatically establish sufficient minimum contacts in the other party's home forum.  *Boschetto*, 539 F.3d at 1017 (citing *Burger King*, 471 U.S. at 478).  "Parties to an interstate contract who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities.'"  *Beverage Mgmt.*, 2013 WL 1296083, at *4 (quoting *Burger King*, 471 U.S. at 473).

The factors to be considered when determining whether a contract with a citizen of the forum state is sufficient to confer personal jurisdiction include prior negotiations, contemplated future performance, terms of the contract, and the parties' course of dealing.  *Beverage Mgmt.*, 2013 WL 1296083, at *5.  *See also Burger King*, 471 U.S. at 479 ("[W]e have emphasized the need for a highly realistic approach that recognizes that a contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.")(internal quotation omitted).  As Judge Simon

observed in *Beverage Management*:

> A defendant whose interstate contract contemplates
> significant future consequences in another state has
> the requisite continuing relationship with the parties
> to the contract in that state.  Similarly, a defendant
> who created continuing obligations to residents of
> another state has satisfied the "purposeful availment"
> requirement.  Conversely, a continuing relationship is
> not established by a one-time contract for the sale of
> a good that involved the forum state only because that
> is where the purchaser happened to reside, but
> otherwise created no substantial connection or ongoing
> obligations there.

2013 WL 1296083, at *4 (citations and quotations omitted).

Defendant contends it has not had sufficient contacts
with the forum to meet the first prong of the specific-
jurisdiction test for purposeful availment because Defendant did
not have a presence in Oregon and did not undertake activities
directed to Oregon.  Defendant argues it was dealing with
Plaintiff, a multinational corporation, and Defendant did not
know, nor did Plaintiff point out, at any time during that course
of dealing that Defendant was actually directing its activities
toward Oregon.  As noted, this case arises out of disputes
related to ten invoices sent from Plaintiff to Defendant.
Defendant argues the fact that these invoices include an address
in Portland, Oregon, is not of any consequence because the
invoice also displays seven different addresses in seven
different states and the invoices directed Defendant to remit
payment to Plaintiff to an address in Illinois.

According to Plaintiff, however, it is sufficient for

13- OPINION AND ORDER

purposes of the purposeful-availment prong that Defendant knew or should have known that the Product was shipped to a third party from the Oregon facility.  Plaintiff also argues the Illinois address to which the invoices indicate payment is to be remitted is "little more then [sic] a 'lock box' that Plaintiff uses to process payments from its customers."  Pl.'s Resp. at 4.  As Defendant points out, however, that fact is not apparent on the face of the invoices nor can Plaintiff fairly expect its customers to guess which address listed on the invoice might subject the buyer to personal jurisdiction in another state.

Moreover, the fact that the Product was produced at an Oregon facility, which, in fact, is operated by an entity related to Plaintiff rather than by Plaintiff itself, is not a sufficient basis to conclude that Defendant "engage[d] in some form of affirmative conduct allowing or promoting the transaction of business" within Oregon.  It is undisputed that the transactions at issue occurred at a time when Plaintiff had its principal place of business in New Jersey and Defendant's communications with Plaintiff were directed to Plaintiff's offices in Illinois. The fact that Defendant's president met with an AFU representative at the Oregon facility in 2006 is also insufficient to establish that Defendant purposefully availed itself of the privilege of conducting activities in Oregon through the transactions that occurred in 2013.  Accordingly, the

14- OPINION AND ORDER

Court concludes the record of Defendant's conduct is insufficient to constitute purposeful availment of this forum.

### 2. Arising out of or Relating to Defendant's Forum Contacts.

The Ninth Circuit has adopted the "but for" test to determine the "arising out of" requirement. *Gray & Co.*, 913 F.2d at 761 (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385-86 (9th Cir. 1990)). The Court notes Plaintiff does not identify any activity of Defendant in Oregon that gave rise to Plaintiff's alleged injury.

Accordingly, the Court concludes on this record that Plaintiff's claims against Defendant do not arise out of nor are they related to any activity between Plaintiff and Defendant in Oregon.

### C. Reasonable and Fair to Assert Jurisdiction.

Because the Court concludes Plaintiff has not met its burden to satisfy the first two factors required to establish specific jurisdiction over Defendant in Oregon, the Court need not address the third factor. *See Boschetto*, 539 F.3d at 1016.

## II. Venue

In light of the fact that the Court concludes it lacks personal jurisdiction over Defendant, it follows that the Court does not have the authority to address Defendant's requests to dismiss or transfer venue of this case dismissed on the grounds

that venue in Oregon is improper.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Defendant's Motion (#7) to Dismiss for Lack of Jurisdiction and Improper Venue or, Alternatively, to Transfer Venue and **DISMISSES** this matter **without prejudice** for lack of personal jurisdiction.

IT IS SO ORDERED.

DATED this 8th day of July, 2014.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


16- OPINION AND ORDER